**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rosa Maria CONTRERAS–ALCANTAR,**
**Defendant–Appellant.**

No. 00–50370.

D.C. No. CR–99–02077–JNK.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM **

Rosa Maria Contreras–Alcantar appeals her 37–month sentence following her guilty plea conviction for one count of conspiring to bring in, transport and harbor undocumented aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(i), (ii), (iii) and (v)(1). We dismiss for lack of jurisdiction.

Contreras–Alcantar contends that the district court committed reversible error by failing to depart downward based on aberrant conduct, family circumstances, diminished mental capacity, or a combination of these factors.[1] *See* U.S.S.G. Ch. 1, Pt.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Appellant also challenges an upward departure based on the number of aliens smuggled. Issues raised in a brief which are not supported by argument are deemed abandoned. *See* Fed. R.App. P. 28(a); *United States v. Loya*, 807 F.2d 1483, 1486–87 (9th Cir.1987).

A, § 4(d); §§ 5K2.13, 5H1.6; *United States v. Cook*, 938 F.2d 149, 152–53 (9th Cir.1991) (stating that sentencing court may consider a combination of factors when considering a downward departure).

We lack jurisdiction to review Contreras–Alcantar's appeal, however, because the district court acknowledged it had the authority to depart, but chose not to exercise its discretion based on the facts presented.[2] *See United States v. Davoudi*, 172 F.3d 1130, 1133 (9th Cir.1999).

**DISMISSED.**

---

**2.** Although the plea agreement contained a waiver of appeal, the record indicates the district court advised Contreras–Alcantar that she could appeal the court's decision. Therefore, the appeal waiver is not enforceable. *See United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir.1995).

